Youssef H. Hammoud (SBN: 321934)
Lauren Tegan Rodkey (SBN: 275830)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Claudia Perrino*

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA PERRINO,<br><br>    Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC; and TOYOTA MOTOR CREDIT CORPORATION,<br><br>    Defendants. | Case No.: 2:21-cv-01044<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. FAIR CREDIT REPORTING ACT, 15 USC § 1681 *et al.*<br>2. CCRAA, Cal. Civ. Code § 1785 *et seq.* |

### **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Claudia Perrino ("Plaintiff"), through her attorneys, alleges the following against Equifax Information Services, LLC ("Equifax") and Toyota Motor Credit Corporation ("Toyota").

### **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. al.* The FCRA is a federal statute that broadly regulates the credit reporting agencies and furnishers of credit information. Among other things, the FCRA prohibits credit reporting agencies and furnishers

1

COMPLAINT AND DEMAND FOR JURY TRIAL

from reporting incomplete or inaccurate information on a consumer's credit report.

2. Count II of Plaintiff's Complaint is based upon the Consumer Credit Reporting Agencies Act ("CCRAA"), CAL. CIV. CODE § 1785 *et seq.*, which regulates credit reporting agencies and furnishers of information from reporting incomplete or inaccurate information on a consumer's credit report.

3. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

4. Jurisdiction of the court arises under 28 U.S.C. § 1331, and 15 U.S.C. § 1681.

5. Supplemental jurisdiction of the court arises under 28 U.S.C. § 1367.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. Defendants transact business here; therefore, personal jurisdiction is established.

## PARTIES

8. Plaintiff, Claudia Perrino is a natural person residing in California.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1785.3(b).

11. Defendant Toyota is a "person" as defined by Cal. Civ. Code § 1785.3(j).

12. Defendant Toyota is a "person" as defined by 15 U.S.C. § 1681a(b).

13. Defendant Toyota is a financial institution that offers automobile loans to consumers. Toyota's principal place of business is located at 6565 Headquarters Drive, W2-5A, Plano, TX 75024. Toyota can be served through its registered agent, CT Corporation System, located at 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

14. Defendant Equifax Information Solutions, LLC, is a *credit reporting agency*, as defined in 15 U.S.C. § 1681a(f). On information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 U.S.C. § 1681a(d), to third parties. Equifax can be served through its registered agent, Corporation Service Company, located at 40 Technology Parkway South #300, Norcross, Georgia 30092.

15. On information and belief, Equifax disburses the *consumer reports* to third parties under contract for monetary compensation.

16. Defendants all acted through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

### A. Vehicle Lease Agreements

17. In or around February 2016, Plaintiff entered into a vehicle lease agreement with Defendant Toyota.

18. The February 2016 automobile lease agreement ("2016 lease") was for approximately 36 months, with Plaintiff's last payment being due in February 2019.

19. In or around February 2019, Plaintiff began shopping for a new vehicle and began discussions with Defendant Toyota about the possibility of entering into a new vehicle lease agreement.

20. Defendant Toyota informed Plaintiff that if she entered into a new 36-month vehicle lease agreement, her final payment for the 2016 lease would be waived and no longer due.

21. As a result of the representations made by Defendant Toyota, Plaintiff entered into a new 36-month vehicle lease agreement with Toyota on February 9, 2019.

22. The lease agreement required a down payment of $2,000.00, which included Plaintiff's first month's payment for February 2019.

23. Upon information and belief, it is common practice for an automobile company, such as Defendant Toyota, to waive the last payment or last few payments on an automobile lease if the consumer enters into a new automobile lease agreement with the same company.

24. As a result of the agreement and representations made by Defendant Toyota, Plaintiff did not make a payment in February 2019 on her 2016 automobile lease.

25. With respect to the 2016 lease, Plaintiff made all her payments in full and on time, including her January 2019 payment.

**B. Inaccurate Credit Reports**

26. On or about September 21, 2020, Plaintiff pulled her credit reports from Trans Union, Experian and Equifax.

27. Plaintiff realized that Defendant Toyota was inaccurately reporting her Toyota Motor Credit Corp. (acct. #: 10277M****) (the "Account") with a status of 30 days past due in February 2019 to all three (3) credit reporting agencies.

28. The information being furnished about Plaintiff's Account by Defendant Toyota was inaccurate and misleading.

29. Defendant Toyota knew or should have knew that the information was inaccurate because it informed Plaintiff she was not required to make the February 2019 payment on her 2016 lease, and Plaintiff has entered into a

new vehicle lease agreement in which her down payment included the February 2019 payment.

30. Defendant Toyota furnished inaccurate information to each of the credit reporting agencies, resulting in multiple violations of the California Consumer Credit Reporting Agencies Act.

### C. Dispute Letters

31. On or about November 12, 2020, Plaintiff sent a dispute letter to the three (3) credit reporting agencies.

32. The dispute letters indicated that the Account was not reporting correctly because she was instructed by Defendant Toyota not to make her last payment due to the new vehicle lease agreement she was entering into.

33. Upon receipt of the dispute letters, the credit reporting agencies, including Defendant Equifax, are required to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate.

34. Upon information and belief, the credit reporting agencies forwarded Plaintiff's dispute to Defendant Toyota within five business days of receipt of the dispute.

35. Upon receiving notice of Plaintiff's dispute from the credit reporting agencies, Defendant Toyota is required to conduct a reasonable investigation of the disputed information, including reviewing all relevant information provided to it by the credit reporting agencies.

### D. Dispute Results

36. On or about November 29, 2020, Defendant Equifax sent Plaintiff her dispute results.

37. The dispute results stated that Defendant Toyota verified to Defendant Equifax that the current status is being reported correctly.

38. As such, Defendant Equifax continued to inaccurately report the status of the Account as 30-59 days past due.
39. The other credit report agencies, Experian and Trans Union, updated the Account to remove the past due status.
40. Upon information and belief, Defendant Toyota furnished different information regarding Plaintiff's Account to the credit reporting agencies.
41. The inaccurate credit reporting caused the Plaintiff to suffer from emotional and mental pain and anguish because Plaintiff has been working to build her credit.
42. As a result of the above violations of the FCRA and CCRAA, Plaintiff suffered and continues to suffer from emotional and mental pain and anguish.
43. Moreover, Plaintiff suffered from a decreased credit score and credit worthiness as a result of Defendants' actions.
44. Defendants' are liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages and costs and attorney's fees.

## COUNT I

**Defendant Equifax Information Services, LLC**

**(Violations of the FCRA, 15 U.S.C. § 1681i *et seq.*)**

45. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.
46. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or it must delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(1)(A).

47. The FCRA further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information submitted by the consumer."

48. Defendant Equifax failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed in November 2020 in violation of 15 U.S.C. § 1681i by indicating that Plaintiff had a past due status on the Toyota Motor Credit Corp. Account.

49. Defendants Equifax failed to review and consider all relevant information submitted by Plaintiff.

50. Defendant's acts, as described above, were done willfully and knowingly.

51. As a result of the foregoing violations of the FCRA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT II

### Defendant Toyota

### (Violations of the FCRA, 15 U.S.C. § 1681s-2(b))

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein at length.

53. On at least one occasion within the past two years, by example only and without limitations, Toyota violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes.

54. The FCRA requires a furnisher, such as Toyota, after receiving notice from a credit report agency that a consumer disputes information that is being reported

by that furnisher to conduct an investigation with respect to the dispute information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

55. Plaintiff notified the credit reporting agencies in November 2020 that the reporting of the past due status of the Toyota Account was incorrect. Thereafter, the credit reporting agencies notified Toyota that Plaintiff was disputing the information it had furnished to the credit reporting agency and forwarded the dispute to Toyota.

56. Toyota is liable under sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(B):

    a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b. Willfully and negligently failing to review all relevant information concerning Plaintiff's Toyota account;

    c. Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

    d. Willfully and negligently failing to report the inaccurate status balance and status of the inaccurate information to all credit reporting agencies;

    e. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    f. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to the credit reporting agencies; and

    g. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

57. Toyota is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief permitted by 15 U.S.C. § 1681n and § 1681o.

## COUNT III

## Defendant Toyota

**(Violations of the Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 *et seq*.)**

58. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

59. Defendant violated the CCRAA. Defendants' violations include, but are not limited to, the following:

    a. Defendant violated Cal. Civ. Code § 1785.25 by furnishing information on a specific transaction or experience to the credit reporting agencies that Defendant knew or should have knew is incomplete or inaccurate

        i. Plaintiff was not late on her February 2019 payment;

        ii. Plaintiff was instructed by Defendant not to make the payment because she entered into a new vehicle lease agreement in February 2019;

        iii. As part of the new vehicle lease agreement, Plaintiff's down payment included the first month's payment for the month of February 2019;

      iv. Despite this, Toyota furnished information to the credit reporting agencies indicating that Plaintiff was past due on her Account in the month of February 2019;

      v. The information was inaccurate and Toyota knew or should have knew that it was furnishing inaccurate information;

      vi. Plaintiff disputed the inaccurate information with the credit reporting agencies, who then forwarded the dispute to Toyota;

      vii. Even after the dispute letters, Toyota continued to inaccurately furnish information to the credit reporting agencies by indicating that Plaintiff was past due on her Toyota Account in the month of February 2019.

60. Defendant furnished inaccurate information to each of the credit reporting agencies, resulting in multiple violations of the CCRAA.

61. Defendant's acts, as described above, were done willfully and knowingly.

62. As a result of the foregoing violations of the CCCRAA, Defendant is liable to Plaintiff for actual damages, punitive damages, and attorneys' fees and costs pursuant to Cal. Civ. Code 1785.31.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Claudia Perrino respectfully requests judgment be entered against Defendants Equifax Information Services, LLC, and Toyota Motor Credit Corp., for the following:

    A. Declaratory judgment that Defendants' Equifax and Toyota, violated the FCRA;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(b);

    C. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

E. Declaratory judgment that Defendants Toyota violated the CCRAA;

F. Actual damages of $1,000.00 pursuant CCRAA, Cal. Civ. Code § 1785.31(a)(1) and Cal. Civ. Code § 1785.31(a)(2)(A);

G. Punitive damages pursuant to CCRAA, Cal. Civ. Code § 1785.31(a)(2)(B);

H. Costs and attorney's fees pursuant to CCRAA, Cal. Civ. Code § 1785.31(a)(1);

I. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Cal. Civ. Code § 3294(a).

J. Any pre-judgment and post-judgment interest as may be allowed under the law; and

K. Any other relief that this Honorable Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 4th day of February 2021.

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Claudia Perrino*